**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS P. VITRANO, | Case No. EDCV 14-2561 JGB (SS) |
|                Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
|    v. | **DISMISSING COMPLAINT WITH** |
| D. WONG, et al., | **LEAVE TO AMEND** |
|                Defendants. | |

**I.**

**INTRODUCTION**

On December 15, 2014, Plaintiff Thomas P. Vitrano ("Plaintiff"), a prisoner in federal custody proceeding pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) (the "Complaint"). On December 23, 2014, pursuant to Plaintiff's request, the Court granted leave for Plaintiff to proceed in forma pauperis.

\\

\\

Congress has mandated that district courts initially screen civil complaints filed by prisoners seeking redress from governmental entities or employees. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portions thereof, before service of process if the Court concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is dismissed with leave to amend.[1]

## II.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that the following defendants -- all Federal Bureau of Prisons employees at Federal Correctional Institution Victorville Medium II ("Victorville" or the "prison") -- violated his civil rights: (1) D. Wong, a medical staff member; (2) Ms. Maschimo, variously described as a health services administrator or supervisor; (3) Warden Louis Milusnic; (4) Officer Rojos; (5) Officer Martinez; (6) Lieutenant F. Wilcutt; (7) Ms. Tran, a nurse; (8) "Unknown Officer, 'AKA Big Show'"; (9) "Captain John Doe"; (10) Correctional Officer Miller; (11) Antonia Rogers, described as a nurse; (12) Correctional

---

[1] A magistrate judge may dismiss a complaint with leave to amend without approval of the district judge. McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

2

1   Officer Rameriz; (13) "Unknown Transport Officer on 1-16-2014";
2   (14) "Unknown Transport Lieutenant on 3-27-2014"); (15) Officer
3   Rios; (16) Ms. Y. Douchand, a unit manager; (17) Ms. H.
4   Biagiante, a case manager; and (18) "Ms. Edwards," a counselor.
5   (Complaint, Dkt. No. 1, at 2, 29, 38, 39, 55, 62, 63, 78, 79, 94,
6   95, and 108).[2]   Plaintiff sues all of the Defendants in their
7   individual and official capacities.   Id.

8

9        Plaintiff's claims arise from several events relating to his
10  custody.[3]   Plaintiff asserts that, on November 1, 2013, prison
11  officials transferred him to a medical unit for treatment,
12  following an attack by another inmate.   (Id. at 5).   While
13  examining Plaintiff's fractured hip and wrist, defendant Wong
14  "fondled [Plaintiff's] penis." (Id.) When Plaintiff complained,
15  Wong deliberately shook and twisted his leg in an attempt to
16  cause greater pain. (Id.) Plaintiff subsequently underwent hip
17  replacement surgery at a hospital outside the prison. (Id. at
18  108).   Correctional and transport officers caused Plaintiff
19  further injury while returning him to prison in "black box"
20  handcuffs. (Id. at 63-65).   Plaintiff was wheelchair-bound when
21  he returned to Victorville, but officials assigned him to a non-
22  handicapped-accessible cell in the facility's security housing
23  unit ("SHU"), denied access to a shower for "over 30 days," and

24  [2]   As docketed, the Complaint includes three documents (Dkt.
25  Nos. 1, 1-1, and 1-2). For ease of reference, the Court cites to
    pages as if consecutively numbered, employing page numbers
26  assigned by the Court's docketing system where possible.

27  [3]   Plaintiff groups his claims under eight headings. However,
    each purported claim encompasses multiple acts by several
28  defendants.

1    denied access to outdoor recreation for nearly four months. (<u>Id.</u>
2    at 40-41). Prison officials never informed Plaintiff why he had
3    been placed in segregation. (<u>Id.</u> at 56). Plaintiff was also
4    denied emergency medical care for an asthma attack (<u>Id.</u> at 30),
5    and prevented from using a prescribed sleep apnea device. (<u>Id.</u>
6    at 79). When Plaintiff complained of his treatment, officials
7    "retaliated" by changing his security classification from "low"
8    to "medium." (<u>Id.</u> at 108-09). Officials also deliberately
9    delayed sending mail to this Court, allegedly violating
10   Plaintiff's constitutional rights and possibly impeding a habeas
11   petition already before the Court.[4] (<u>Id.</u> at 94-96).

12

13   It is difficult to construe the exact nature of Plaintiff's
14   claims, but they include allegations that Defendants violated his
15   First, Fourth, Fifth, Sixth and Eighth Amendment rights.
16   Plaintiff also claims injuries due, <u>inter alia</u>, to prison
17   officials' "medical negligence and deliberate indifference" (<u>Id.</u>
18   at 29), the "tort of assault and battery" (<u>Id.</u> at 6-7), "sexual
19   abuse" (<u>Id.</u> at 6), "infliction of emotional distress" (<u>Id.</u>), and
20   gross negligence by supervisory personnel (<u>Id.</u> at 8).

21

22                              **III.**

23                          **DISCUSSION**

24

25   Under 28 U.S.C. § 1915A(b), the Court must dismiss
26   Plaintiff's Complaint due to defects in pleading. <u>Pro</u> <u>se</u>
27   litigants in civil rights cases must, however, be given leave to

28   _____
     [4]   See <u>Vitrano v. Milusnic</u>, 2013 WL6850031 (Dec. 23, 2013).

                                 4

1   amend their complaints unless it is absolutely clear that the
2   deficiencies cannot be cured by amendment.  <u>Lopez</u>, 203 F.3d at
3   1127-29.  Accordingly, the Court grants Plaintiff leave to amend,
4   as discussed below.[5]

5

6   **A.   Plaintiff's Claims Are Defective To The Extent Plaintiff**
7        **Sues Defendants In Their Official Capacities**

8

9        Plaintiff sues all eighteen Defendants for monetary damages
10  pursuant to <u>Bivens</u> in their individual and official capacities.
11  (Complaint at 2, 29, 38, 39, 55, 62, 63, 78, 79, 94, 95, and
12  108).  The official capacity claims cannot proceed.

13

14       "An individual may not maintain a <u>Bivens</u> action for monetary
15  damages against the United States."  <u>Daly-Murphy v. Winston</u>, 837
16  F.2d 348, 256 (9th Cir. 1987).  Accordingly, Plaintiff's claims
17  against Defendants in their official capacities are defective, as
18  an official capacity suit is the equivalent of an action against
19  the United States.  Plaintiff may sue Defendants under <u>Bivens</u>
20  only in their individual capacities.[6]

21  _____
    [5]   A magistrate judges may dismiss a complaint with leave to
22  amend without approval of the district judge.  <u>McKeever v. Block</u>,
    932 F.2d 795, 798 (9th Cir. 1991).
23  [6]   Plaintiff's claims against Milusnic and Maschimo may also be
    defective to the extent Plaintiff sues these defendants solely on
24  the basis of their supervisory roles.  (<u>See, e.g.</u>, Complaint at
    29 (Maschimo "was responsible for the actions, and performance of
25  her staff members working under her supervision" and Milusnic
    "was directly responsible for the employment, and actions of
26  staff members")).  In a <u>Bivens</u> action, "[a]bsent vicarious
    liability, each Government official, his or her title
27  notwithstanding, is only liable for his or her own misconduct."
    <u>Starr v. Baca</u>, 652 F.3d 1202, 1220 (9th Cir. 2011).  "[P]urpose
28

**B.**   **The Complaint Violates Rule 8**

Plaintiff's Complaint does not comply with the standards of Federal Rule of Civil Procedure 8.   See Fed. R. Civ. P. 8.   Rule 8(a)(2) "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).   "Each allegation must be simple, concise, and direct."   Fed. R. Civ. P. 8(d)(1); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (pleading may violate Rule 8 in "multiple ways," including saying "too little" or "too much").

Here, the Complaint mixes potentially relevant and irrelevant facts with legal argument and exhibits, rendering its claims confusing and nonsensical.   (See Complaint at 1-141). Although Plaintiff partially utilized the Court's standard form for civil rights complaints, the Complaint is 141 pages long. Its long, rambling narrative fails to clearly identify the factual bases for each claim, or to state how each defendant's actions specifically violated Plaintiff's civil rights. Plaintiff mixes purported constitutional claims with tort or administrative claims.   (See, e.g., Complaint at 5-6 (Wong's "inappropriate touching, assault & battery" violated Plaintiff's

---

rather than knowledge is required to impose Bivens liability" on officials in their "superintendent capacity."   Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (italics omitted)).

1 | Fourth Amendment rights, and Wong's "wanton state of mind"
2 | violated Plaintiff's Eighth Amendment rights); <u>id.</u> at 56
3 | (prison's failure to inform Plaintiff of basis for administrative
4 | segregation or to file disciplinary report constitutes "cruel and
5 | unusual punishment"); <u>id.</u> at 109 (changing Plaintiff's security
6 | classification to "medium" violated his First Amendment
7 | rights)).[7]

8 |

9 | As such, the Complaint fails to provide Defendants with fair
10 | notice of the claims in a short, clear and concise statement.
11 | Even if the factual allegations pertaining to each claim were
12 | more clearly identified, it would be difficult, as a practical
13 | matter, for Defendants to frame a responsive pleading.
14 | In sum, the Complaint fails to provide a short, clear and concise
15 | statement of Plaintiff's claims, as Rule 8 requires.

16 |

17 | Where a Rule 8 violation is egregious, as in this case,
18 | dismissal is appropriate. <u>See</u> <u>McHenry v. Renne, et al.</u>, 84 F.3d
19 | 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of third
20 | amended complaint that was "argumentative, prolix, replete with
21 | redundancy, and largely irrelevant"); <u>Hatch v. Reliance Ins. Co.</u>,
22 | 758 F.2d 409, 415 (9th Cir. 1985) (dismissing "confusing and

23 |
_____

24 | [7]   To the extent Plaintiff states tort claims, he also fails to
25 | specifically allege compliance with the Federal Tort Claims Act's
26 | administrative exhaustion requirement. <u>See</u> 28 U.S.C. § 2675(a);
   | <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993). Moreover,
   | "[t]he factors necessary to establish a <u>Bivens</u> violation will
   | vary with the constitutional provision at issue," and where a
27 | plaintiff claims invidious discrimination violating the First and
28 | Fifth Amendments, he must "prove that the defendant acted with
   | discriminatory purpose." <u>Iqbal</u>, 556 U.S. at 676.

7

1   conclusory" seventy-page complaint). Nevertheless, "dismissal

2   without leave to amend is improper unless it is clear, upon <u>de</u>

3   <u>novo</u> review, that the complaint could not be saved by any

4   amendment." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 692 (9th

5   Cir. 2001) (citations omitted).

6

7   **C.**     **<u>Discovery of "Doe" Defendants</u>**

8

9      Plaintiff fails to plead the full names of defendants Wong,

10   Maschimo, Rojos, Martinez, Wilcutt, Tran, Miller, Rameriz, Rios,

11   Douchand, Biagiante, or Edwards. In addition, Plaintiff

12   identifies as defendants an unknown correctional officer known as

13   "Big Show," a "Captain John Doe," and two unnamed transport

14   officers. Plaintiff is responsible for obtaining the full name

15   of each defendant named in any amended complaint. Failure to do

16   so will result in dismissal of claims against these sixteen "Doe"

17   defendants.

18

19      Plaintiff is entitled to conduct discovery in order to

20   obtain this information. <u>See</u> <u>Wakefield v. Thompson</u>, 177 F.3d

21   1160, 1163 (9th Cir. 1999) ("[W]here the identity of the alleged

22   defendant is not known prior to the filing of a complaint, the

23   plaintiff should be given an opportunity through discovery to

24   identify the unknown defendants, unless it is clear that

25   discovery would not uncover the identities, or that the complaint

26   would be dismissed on other grounds.") (quoting <u>Gillespie v.</u>

27   <u>Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980) (alterations

28   omitted)). Accordingly, if Plaintiff does not know the full

names of the defendants identified above, he must promptly pursue discovery to determine the names of those defendants. Plaintiff may then discover and substitute the full names of those defendants who are inadequately identified in the current complaint.


**IV.**

**CONCLUSION**


For the reasons stated above, Plaintiff's Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted forty-five (45) days from the date of this Memorandum and Order in which to conduct discovery, discover the names of the Doe defendants, and file a First Amended Complaint, including the full names of any defendant. Plaintiff must act promptly in order to obtain discovery answers in time to file his amended complaint.

In any amended complaint, Plaintiff shall cure the defects described above. The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original Complaint.

Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is

required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached</u>.** Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support his claims. **Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).** Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.

DATED:  February 17, 2015

                                         /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**